IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Margaret Simmons, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   15 C 7596 |
| Asset Acceptance, LLC, a Delaware limited liability company, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Margaret Simmons, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Margaret Simmons ("Simmons"), is a citizen of the State of Georgia, from whom Defendant attempted to collect a delinquent consumer debt that she allegedly owed for a Washington Mutual account, despite the fact that she had exercised her rights, pursuant to the FDCPA, to refuse to pay the debt and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Asset Acceptance, LLC ("Asset"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Asset operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Asset was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Asset is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

6. Defendant Asset is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant Asset conducts business in Illinois.

7. Moreover, Defendant Asset is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant Asset acts as a debt collection agency in Illinois.

**FACTUAL ALLEGATIONS**

8. Ms. Simmons is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed for a Washington Mutual account. At some point in time after that debt became delinquent, Defendant Asset allegedly bought Ms. Simmons' Washington Mutual debt, and when Defendant began trying to collect this debt from her, she sought the assistance of legal aid attorneys at

the Chicago Legal Clinic's LASPD program Defendant's collection actions.

9. Specifically, Defendant Asset sent Ms. Simmons, a collection letter dated June 17, 2011, demanding payment of the Washington Mutual debt. A copy of this letter is attached as Exhibit C.

10. Accordingly, on June 27, 2011, one of Ms. Simmons' legal aid attorneys at LASPD informed Defendant Asset that Ms. Simmons was represented by counsel, and directed Defendant Asset to cease contacting her, and to cease all further collection activities because Ms. Simmons was forced, by her financial circumstances, to refuse to pay her unsecured debt. A copy of this letter is attached as Exhibit D.

11. Nonetheless, Defendant Asset then had another debt collector, First National Collection Bureau, send Ms. Simmons a collection letter, dated June 7, 2015, demanding payment of the Washington Mutual debt. A copy of this letter is attached as Exhibit E.

12. Accordingly, on August 11, 2015, Ms. Simmons's LASPD attorney had to send Defendant Asset yet another letter, directing it to cease communications and to cease collections. A copy of this letter is attached as Exhibit F.

13. Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

17. Here, the letter from Ms. Simmons' agent/attorney, LASPD, told Defendant Asset to cease communications and cease collections (Exhibit D). By continuing to communicate regarding this debt and demanding payment (Exhibit E), Defendant Asset violated § 1692c(c) of the FDCPA.

18. Defendant Asset's violation of § 1692c(c) of the FDCPA renders it liable for damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

21. Defendant Asset knew, or readily could have known, that Ms. Simmons was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing, that Ms. Simmons was represented by

4

counsel, and had directed a cessation of communications with Ms. Simmons (Exhibit D). By directly sending Ms. Simmons a collection letter (Exhibit E), despite being advised that she was represented by counsel, Defendant Asset violated § 1692c(a)(2) of the FDCPA.

22. Defendant Asset's violation of § 1692c(a)(2) of the FDCPA renders it liable for damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Margaret Simmons, prays that this Court:

1. Find that Defendant Asset's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Simmons, and against Defendant Asset, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Margaret Simmons, demands trial by jury.

                        Margaret Simmons,
                        By: /s/ David J. Philipps___
                        One of Plaintiff's Attorneys

Dated: August 28, 2015

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com